# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Scott Curtis Givens-Price,

                Plaintiff,        Case No. 25-12436

v.                             Judith E. Levy
                              United States District Judge

Bombardier Recreational Products,
Inc.,                        Mag. Judge David R. Grand

                Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE LATE NOTICE OF NON-PARTY AT FAULT [18]

Before the Court is Defendant Bombardier Recreational Products, Inc.'s motion for leave to file a late notice of non-party at fault. (ECF No. 18.) Plaintiff Scott Curtis Givens-Price alleges that he was driving a Can Am on June 11, 2023, and the Can Am burst into flames and injured Plaintiff after it struck a deer. (ECF No. 7, PageID.32.) The Can Am was "designed, manufactured, marketed, produced, assembled, sold or otherwise distributed or placed into the stream of commerce" by Defendant. (*Id.*)

Defendant seeks leave to issue a notice of non-party at fault against Ryan Smith. According to Defendant, Plaintiff attended a party at Mr. Smith's house shortly before the accident and medical records released during discovery demonstrate that Plaintiff "was legally intoxicated at the time of the incident and likely over the super drunk limit" when Plaintiff left Mr. Smith's party. (ECF No. 18, PageID.91.) Thus, "Defendant seeks to file this Notice of Non-Party at Fault against Ryan Smith, who was identified by Plaintiff on March 19, 2026 as being the owner of the home where the party was held and where alcohol was served." (*Id.*)

Plaintiff filed a response in opposition to Defendant's motion. (ECF No. 20.) Plaintiff argues that the motion should be denied, "the timeliness issue aside," because (1) "Defendant has mischaracterized the alleged alcohol state and level of [Plaintiff]," (2) Mr. Smith is not liable for the actions of those he served alcohol to under Michigan law, and (3) Plaintiff's accident was because of the deer, not because of his alleged intoxication. (*Id.* at PageID.100–102.)

Per Michigan Court Rule 2.112(K)(3)(c), the notice of non-party at fault must be filed "within 91 days after the party files its first responsive

2

pleading." A late filing of such a notice shall be permitted upon "a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party." *Id.*

Here, Defendant's "first responsive pleading" was filed on September 22, 2025. (ECF No. 4.) Thus, it was obligated to file the notice within 91 days of September 22, 2025, which is December 22, 2025. However, Defendant represents that it did not and could not have known about the possibility of Mr. Smith's involvement by that deadline because Mr. Smith was "identified by Plaintiff on March 19, 2026 as being the owner of the home where the party was held and where alcohol was served." (ECF No. 18, PageID.91.) Plaintiff does not deny that Defendant did not and could not have known about Mr. Smith prior to the deadline, nor does Plaintiff set forth that he would be unfairly prejudiced by a late notice. (ECF No. 20.) Thus, Michigan Court Rule 2.112(K)(3)(c)'s requirements for a late notice are fulfilled and Defendant's motion is GRANTED.

The Court recognizes Plaintiff's strong opinion that Mr. Smith is not at fault, and clarifies that it grants Defendant's motion without expressing any view as to whether Mr. Smith is at fault. Plaintiff's arguments regarding Mr. Smith's level of fault are better resolved at a later stage of the case.

IT IS SO ORDERED.

Dated: May 15, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

4